### 16305.  HATCHER *v.* BIRCH.

No defense to an action on purchase-money notes for land was set out in an answer alleging damage to the defendant by seizure of his property under a distress warrant sued out by the plaintiff without cause, and praying that the action on the notes be enjoined or consolidated with a pending suit brought by the defendant against the plaintiff in another county, for trespass and damages and for an injunction against the action on the notes; and the court did not err in striking the answer, or in refusing to allow an amendment setting up that the plaintiff had, in violation of his bond for title, interfered with the defendant's peaceful enjoyment of the premises for which the notes in question were given, thus damaging him in a stated sum, for which he prayed judgment in recoupment.

DECIDED MAY 14, 1925.

Complaint; from Crawford superior court—Judge Mathews. October 21, 1924.

*H. F. Strohecker, J. P. Burnett,* for plaintiff in error.

*L. D. Moore,* contra.

LUKE, J.  Birch sued Hatcher on promissory notes given for the purchase-money of land. The defendant filed the following answer: "1.  Defendant admits the allegation in the first paragraph. 2.  Defendant admits allegations in the second paragraph as to making the notes described, including the dates and the dates when to become due, and amounts, but says that the allegation as to the credits is not true as stated, but arose out of a fraud. 3.  Defendant admits that he is holding possession of said land, but denies that he is insolvent or that his possession is to the hurt of plaintiff.  4.  And for further answer defendant says,

that after the making of said notes, and before either of them was due, that said J. N. Birch, by and through his attorney at law, K. P. Lowe, wantonly, wilfully, and without cause, sued out in said county a distress warrant against defendant, and caused all defendant's personal property on his farm to be seized by the sheriff of said county, and utterly destroyed defendant's business and farming operations and crops, thus rendering defendant unable to meet the note due December 1st, 1921. 5. That defendant now has pending before the superior court of Bibb county, the county of the residence of said J. N. Birch, a suit for trespass and damages, wherein all the wrongs inflicted upon defendant by the said J. N. Birch are fully set out, including the fact that defendant, at the instance of said J. N. Birch, was illegally imprisoned and his credit destroyed thereby, a copy of which suit is here to the court shown. 6. That in said suit is a prayer that this suit may be enjoined until the termination of said suit in Bibb superior court, upon which prayer the Hon. H. A. Mathews has granted a rule nisi setting said prayer to be heard before the judge of the Macon circuit at Crawford superior court on the third Monday in October, 1923. Wherefore petitioner prays that this suit may be enjoined until the termination of said suit by this defendant against said J. N. Birch, or that this suit may be consolidated in Bibb superior court with the said suit therein pending, and both tried together, and that defendant may therein have his damages assessed against said J. N. Birch." An amendment to this answer was offered, setting up that the plaintiff had, in violation of his bond for title, interfered with the defendant's peaceful enjoyment of the premises for which the notes in question were given, thus damaging him $1000, for which sum he prayed judgment in recoupment against the plaintiff. The amendment was disallowed, and on motion of the plaintiff's counsel, in the nature of a general demurrer, the answer was stricken; and judgment was rendered for the plaintiff.

The court properly disallowed the amendment and struck the answer, and rendered judgment for the plaintiff for the full amount sued for.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*